(No. 42956.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* WILLIAM E. JONES, Appellant.

*Opinion filed November 18, 1970.*

GEO-KARIS AND THOMPSON, of Zion, (DAVID K. ANDERSON, of counsel,) for appellant.

WILLIAM J. SCOTT, Attorney General, of Springfield, and JACK HOOGASIAN, State's Attorney, of Waukegan, (NORMAN G. REESE, Assistant State's Attorney, of counsel,) for the People.

Mr. JUSTICE CULBERTSON delivered the opinion of the court:

Defendant, William E. Jones, was tried by a jury in the magistrate division of the circuit court of Lake County, was found guilty of driving while under the influence of intoxicating liquor and fined $100. He has appealed directly to this court contending that a comment of the prosecutor on his failure to testify deprived him of his constitutional right against self-incrimination. See: *Griffin* v. *California,* 380 U.S. 609, 14 L. Ed. 2d 106, 85 S. Ct. 1229.

No claim is made that defendant was not proved guilty beyond a reasonable doubt, thus there is no need to set forth the evidence of intoxication. However, some detail of the evidence is necessary to a consideration of the comment complained of and to place it in the context in which it occurred. No evidence was presented for the defense. For the prosecution, deputy sheriff Vernon Cook testified that on the day in question, Saturday, August 30, 1969, he first encountered defendant at about 8:30 A.M. At the time Cook was patrolling a highway and came upon an automobile, owned by defendant, parked on the shoulder with its lights burning. Upon investigating he found defendant asleep in the front seat and detected a strong odor of alcohol in the car and on defendant's person. He awakened defendant who assured the deputy that he was "okay" and that he was not driving the car because he was in no condition to do so. At about this time a second man, identified in the record only as a "friend" of defendant, came walking along the highway with a gasoline can. The latter told Cook that he was the driver, that he was trying to get defendant home and that the car had run out of gas. Soon after, the officer

permitted the car to be driven away with the friend at the wheel.

About 11:45 A.M. of the same morning, Lorraine F. Anderson drove to The Sunset Inn to meet her husband and placed her car in the parking lot. Inside the place she saw defendant and another man sitting at the bar, her attention being attracted when defendant vomited on the bar and was asked by the bartender to leave. The witness and her husband walked to the door to depart about the same time, and she testified that defendant first got into her car, but then got out of it and went to his own car. In backing out of a parking space, defendant struck the car of the witness and the police were summoned. When cross-examined about defendant's "friend," she testified that the latter got into a car, returned and talked briefly to defendant after the accident and then drove off. Whether or not this "friend" was the same person who had been with defendant during the earlier encounter with deputy Cook, or was the man with whom defendant was sitting at the bar, does not appear in the record.

By coincidence deputy Cook responded to the accident call. He testified, among other things, that defendant had said he was "parking his car to go home," and that he had not seen the Anderson car behind him.

Against this evidentiary background, counsel for defendant argued to the jury as follows: "The evidence is Mr. Jones [defendant], Mrs. Anderson testified to this, that Mr. Jones had said somewhere during the course of the conversation that he was getting into his car for the purpose of moving it from the front of the building to the side of the building and going home. That is, he was going to park his car on the side of the building in this parking lot and go home, presumably with his friend who was in another car at the tavern. They had both left at the same time. The man had no intention of leaving the parking lot behind the

wheel of any car. He was going to park his car in the parking lot, get into a friend's car and go home."

To refute the foregoing argument the prosecutor stated in rebuttal: "If you will recall, there is nothing in the evidence as to where the defendant was going. Mrs. Anderson and deputy Cook did not state where he was going. How were they to know where he was going? The defendant failed to take the stand—." Before the prosecutor could complete what he had intended to say, defendant objected and made a motion for a mistrial. The motion was denied but the court did admonish the jury that defendant had a right not to testify, and that his failure to do so could not be held against him in any way.

Not every reference to the failure of an accused to testify will constitute reversible error, and, as we pointed out in *People* v. *Mills,* 40 Ill.2d 4, 8, an appropriate test for determining whether the right to remain silent has been violated is whether the reference " '[was] intended or calculated to direct the attention of the jury to the defendant's neglect to avail himself of his legal right to testify?' " (See also: *Watt* v. *People,* 126 Ill. 9, 32; *People* v. *Wollenberg,* 37 Ill.2d 480, 488.) In our opinion the comment here, in the context in which it arose, was not an effort to strengthen the prosecution's case by pointing an accusing finger at defendant for his failure to testify. Recourse to the record discloses that the statements of defendant's counsel in argument were almost totally devoid of evidentiary support. Neither Mrs. Anderson nor any other witness testified that defendant intended to park his car and ride home with another, nor was there sufficient or proper circumstantial evidence to permit a conclusion that such was the case. Quite obviously, we believe, the prosecutor was not motivated by a purpose of calling the jury's attention to the fact that defendant had not testified, but by a purpose of showing that the argument of counsel was not based upon facts in evi-

dence. Accordingly, we agree with the trial court that prejudicial error did not occur.

The judgment of the circuit court of Lake County is affirmed.