THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. WILLIAM L. LEONARD, Defendant-Appellant.

Second District    No. 2—86—1159

Opinion filed June 20, 1988.—Rehearing denied July 25, 1988.

G. Joseph Weller, of State Appellate Defender's Office, of Elgin, and Daniel D. Yuhas and Lawrence J. Essig, both of State Appellate Defender's Office, of Springfield, for appellant.

Robert F. Casey, State's Attorney, of Geneva (William L. Browers, Robert J. Biderman, and Denise M. Ambrose, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE REINHARD delivered the opinion of the court:

Following a jury trial in the circuit court of Kane County, defendant, William L. Leonard, was found guilty of two counts of an indictment charging him with aggravated criminal sexual assault (Ill. Rev. Stat. 1985, ch. 38, par. 12—14) wherein it was alleged that he knowingly committed acts of sexual penetration against the victim by sexual intercourse and fellatio and caused great bodily harm. He was sentenced to concurrent 10-year terms of imprisonment.

Defendant raises the following issues on appeal: (1) that his conviction must be reversed because the jury instructions omitted an es-

sential element of the crime, knowledge, which had been charged in the indictment; (2) that the prosecutor's final argument was improper; and (3) that the trial court erred by refusing defendant's tendered jury instruction on battery.

At trial, the victim, 17-year-old Denise McKinnes, testified that at about 5:25 a.m., on May 26, 1986, she was at a bus stop in Elgin awaiting a bus to St. Charles where she worked. The bus was late, and she accepted a ride from a stranger, later determined to be defendant. They drove first to an apartment complex where defendant said his girlfriend lived. McKinnes then went with defendant into a nearby house.

After they talked for a half hour, defendant began looking through her purse and wrote down her name and address. When she asked for the purse back and told him she wanted to leave, defendant struck her in the mouth. He then told her that they would play a game and she should disrobe. He threatened to hit her again and forced her to remove her clothes. She was afraid, and consented to several acts of sexual intercourse and was forced to perform fellatio on defendant. Eventually, defendant let her leave the house and he drove off. She wrote down the license plate number and called the police and her parents.

Other witnesses corroborated her prompt complaint of being raped and that she had a swollen lip. Children of defendant's girlfriend testified that on the morning in question, while their mother was working, defendant brought a girl to their house. They were in bed in a different room, but heard crying and mumbling. While he presented several nonoccurrence witnesses, defendant did not testify.

Defendant's first appellate contention is that the mental state for the offense of aggravated criminal sexual assault, not being expressly included in the statute defining the offense, includes any mental state defined in sections 4—4, 4—5, or 4—6 of the Criminal Code of 1961 (Ill. Rev. Stat. 1985, ch. 38, pars. 4—4, 4—5, 4—6). As the indictment here alleges a mental state of knowledge (Ill. Rev. Stat. 1985, ch. 38, par. 4—5), defendant contends that this mental state is an element of the offense and that the trial court erred in not setting forth this mental state in the issues instruction given to the jury.

■ Defendant failed to object to the instructions tendered by the State, to raise the issue in his post-trial motion, or to offer an alternative instruction. A defendant who fails either to object at trial or raise an issue in a written post-trial motion has waived the issue. (*People v. Enoch* (1988), 122 Ill. 2d 176, 186.) Furthermore, a party may not raise the failure to give an instruction unless he tendered it at trial.

(*People v. Berry* (1984), 99 Ill. 2d 499, 460 N.E.2d 742.) The issue is waived in this case.

■■ The interests of justice, however, demand that the waiver rule be modified in criminal cases where necessary to ensure the fundamental fairness of the trial. (*People v. Ogunsola* (1981), 87 Ill. 2d 216, 222, 429 N.E.2d 861.) This is true in the case of jury instructions where the failure of the court to properly instruct will result in grave error or the denial of fundamental fairness in a factually close case. (*People v. Huckstead* (1982), 91 Ill. 2d 536, 544, 440 N.E.2d 1248; see 107 Ill. 2d R. 451(c).) Furthermore, fundamental fairness requires that the trial court give certain basic instructions, including instructions on the elements of the offense. (*Ogunsola*, 87 Ill. 2d at 222, 429 N.E.2d at 864.) The failure to correctly inform the jury of the elements of the crime charged is error so grave and fundamental that the waiver rule should not apply. (*Ogunsola*, 87 Ill. 2d at 222, 429 N.E.2d at 864.) This, however, is not the case here.

■ ■ The crime of aggravated criminal sexual assault, formerly constituting the crime of rape, is a general intent crime and does not require the allegation of a specific mental state. (*People v. Gold* (1967), 38 Ill. 2d 510, 516, 232 N.E.2d 702.) An indictment charging an accused is not defective for failure to allege the defendant's mental state where the statute defining the offense charged did not include a specific mental state. *People v. Thompson* (1984), 125 Ill. App. 3d 665, 670-74, 466 N.E.2d 380.

■■ Defendant argues, however, that in *People v. Valley Steel Products Co.* (1978), 71 Ill. 2d 408, 375 N.E.2d 1297, our supreme court held that an indictment is defective where it fails to incorporate a mental state as prescribed by section 4—3(a) of the Criminal Code of 1961 (Ill. Rev. Stat. 1985, ch. 38, par. 4—3(a)). Examination of the cases cited in *Valley Steel Products* indicates only that where the statutory definition of an offense includes a mental state with which the act is committed as an element of the offense, that mental state must be alleged in the charging instruction to meet the requirements of section 111—3 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1985, ch. 38, par. 111—3). We do not believe the court intended to expand that well-established rule.

In any event, the problem is not that the indictment here failed to allege a mental state set forth in the statute. Rather, the aggravated criminal sexual assault statute does not contain a mental state and, nevertheless, the indictment alleged the mental state of knowledge. Thus, defendant contends that the issues instruction should have set forth that knowledge must be proved.

■ This court has recently held in *People v. Ortiz* (1987), 155 Ill. App. 3d 786, 508 N.E.2d 490, that it is not error to fail to instruct a jury on a specific mental state where aggravated criminal sexual assault is charged even though the indictment alleged that defendant "intentionally committed an act of sexual penetration." (155 Ill. App. 3d at 792, 508 N.E.2d at 494.) An offense involving sexual penetration is a general intent crime, and a mental state of intent, knowledge, or recklessness would be implied to satisfy the general intent requirement. (155 Ill. App. 3d at 792, 508 N.E.2d at 494.) Moreover, the approved jury instructions relating to sex offenses demonstrate that instructions defining general intent offenses need not set forth a specific mental state. 155 Ill. App. 3d at 792, 508 N.E.2d at 494; see Illinois Pattern Jury Instructions, Criminal, Nos. 11.31, 11.32, 11.33, 11.34 (2d ed. Supp. 1987).

■ In the present case, the indictment charged that defendant knowingly committed an act of sexual penetration. Following the reasoning of *Ortiz*, it was not necessary to instruct the jury on the specific mental state of knowledge because aggravated criminal sexual assault is a general intent crime which does not have a particular mental state as an essential element. Defendant has not argued any prejudice resulting from the State's unnecessary allegation of knowledge. The trial court's failure to so instruct *sua sponte* did not constitute grave error or a denial of fundamental fairness under these circumstances.

■ We also note defendant's tardy assertion in his reply brief that serious Federal constitutional ramifications may arise from the criminal sexual assault statute which does not contain an express mental state, but where one is implied. This constitutional issue was neither raised below nor in defendant's initial brief and is waived. (*People v. Amerman* (1971), 50 Ill. 2d 196, 279 N.E.2d 353; 107 Ill. 2d R. 341(e)(7).) Nor from our review of defendant's brief argument and authority cited in support of this contention in the reply brief do we believe a substantial question of constitutionality is raised to warrant relaxation of the waiver rule. See *People v. Coleman* (1983), 120 Ill. App. 3d 851, 854, 459 N.E.2d 5.

■ Defendant next contends that certain comments by the prosecutor during closing argument were part of a theme designed to inferentially remind the jurors that defendant failed to testify. The State responds that those comments made during the initial closing argument were not objected to and are, therefore, waived. Alternatively, the State argues that the comments were not improper or, at the very least, any error was harmless.

The prosecution cannot directly or indirectly comment on a defendant's failure to testify in his own defense. (*People v. Lyles* (1985), 106 Ill. 2d 373, 390, 478 N.E.2d 291.) The prosecution may, however, describe the State's evidence as uncontradicted, even though the defendant is the only one who can contradict it (106 Ill. 2d at 390, 478 N.E.2d at 297), so long as the comments are not intended or calculated to direct the jury's attention to defendant's silence. (*People v. Morgan* (1986), 112 Ill. 2d 111, 133, 492 N.E.2d 1303.) Moreover, it is proper for the prosecutor to comment on uncontradicted evidence if it is in response to defense counsel's argument. *People v. Dixon* (1982), 91 Ill. 2d 346, 350-51, 438 N.E.2d 180; see *Lyles*, 106 Ill. 2d at 390, 478 N.E.2d at 297.

In the present case, defendant takes issue with the following comments made by the prosecutor in his initial closing argument:

"[Mr. Barsanti]: But let's talk about that first phrase, Defendant committed an act of sexual penetration upon Denise McKiness [*sic*].

Well, let's think back to the evidence. Let's think back to Denise McKiness's [*sic*] taking the stand, taking the oath and telling you what happened that day.

\* \* \*

And that fourth proposition is that Denise McKiness [*sic*] did not consent to the act of sexual penetration; and I think you can easily see that through the testimony she gave to you.

What these cases usually come down to, ladies and gentlemen, is, of course, Denise McKiness [*sic*].

You heard a lot of other things. You heard a lot of other facts, and what most of this comes down to is Denise McKiness [*sic*].

And she came in here and testified and told you what happened; and she told it to you clearly, believably.

\* \* \*

And the evidence in this case, ladies and gentlemen, all the evidence presented bears out the State's burden, satisfies what we have to prove to you, satisfies the elements that we are required to prove.

Just her, by herself, is enough; but all the other people that took this stand gave you other pieces which back up everything she said to you.

She is believable. She's told you what happened. There was sexual penetration, there was the use of force, there was bodily harm, and there's no way she consented."

Additionally, defendant argues that the following remarks made by the prosecutor during rebuttal argument were also improper comment on his failure to testify:

> "[Mr. Barsanti]: Mr. Giampoli indicates that 88 Crystal is only two blocks away from where she tried to pick up the bus. She told you they drove around for a while.
>
> No one else has said they did not drive around for a while. Denise is the only one that told you what happened.
>
> MR. GIAMPOLI: Your Honor, I object to that as an unfair comment.
>
> THE COURT: I think it responds to your argument, Mr. Giampoli."

As the State correctly points out, defendant never objected to the comments made during the prosecutor's initial argument. As such, defendant waived any objection to these comments. (See *People v. Whitehead* (1987), 116 Ill. 2d 425, 447, 508 N.E.2d 687.) Moreover, these comments cannot be considered as error where there is absolutely no hint of any reference to defendant's failure to testify. The above comments made during the initial closing argument all address the credibility of the victim, Denise McKinnes. A prosecutor's closing argument may reflect upon witness credibility if it is based on facts in the record or inferences fairly drawn from those facts. (*People v. Shum* (1987), 117 Ill. 2d 317, 348, 512 N.E.2d 1183.) It cannot be said that these comments were in any way intended or calculated to direct the jurors' attention to defendant's failure to testify and, thus, were proper.

The remarks made during rebuttal argument were also proper for two reasons. First, they were not intended or calculated to direct the jury's attention to defendant's silence. The comments focus on the victim's credibility, rather than defendant's silence at trial.

Second, the remarks are in response to defense counsel's closing argument. Defense counsel argued in closing:

> "[Mr. Giampoli]: Then they go in the opposite direction of St. Charles a couple of blocks. I think she stated she was in the car for a period, driving around. But we've heard the testimony that 88 South Crystal is only approximately two or three blocks from the corner of State and Walnut. It takes only a couple of minutes.
>
> Again, our common sense experiences tells us how long it takes to get there. 5:40, 5:45 in the morning she gets in the car and goes to 88 South Crystal."

Defense counsel's argument attacks the testimony of the victim. It

suggests that the victim was not completely truthful when she testified that defendant drove around a while before going to his girlfriend's apartment. There was no evidence, however, to support defendant's argument that defendant did not drive around a while as the victim testified. Under these circumstances, the prosecutor's comments during rebuttal that the victim was the only one to testify as to the duration of the drive was fair comment evoked by defense counsel's closing argument and was, therefore, proper. See *People v. Jones* (1970), 47 Ill. 2d 66, 69, 264 N.E.2d 189; see also *United States v. Robinson* (1988), 485 U.S. ___, 99 L. Ed. 2d 23, 108 S. Ct. 864.

■ Defendant's final contention is that under the reasoning of the appellate court, in *People v. Schmidt* (1987), 161 Ill. App. 3d 278, 514 N.E.2d 494, *appeal allowed* (1988), 118 Ill. 2d 550, the trial court erred by refusing his tendered jury instruction on the less serious offense of battery. He argues that the battery instruction was required as a theory of his defense. In this regard, defendant maintains that the battery concerned a dispute over his attempt to get the victim's address after she voluntarily gave him her purse and could have resulted in a conviction of a less serious but separate crime, which was his theory of defense at trial. This theory of defense, as articulated below, was that the battery was separate and distinct from the act of criminal sexual assault and the jury could find that the victim did not consent to the separate battery but did consent to sexual activity. Defendant also argues, alternatively, that the battery instruction should have been given as battery is a lesser included offense of aggravated criminal sexual assault.

The State makes a fourfold response. First, it argues that this issue is waived because the tendered defense instruction is not included as part of the record on appeal. Second, it responds that battery is not a lesser included offense of aggravated criminal sexual assault because battery has a more culpable mental state than aggravated criminal sexual assault. Third, it contends that defendant was not entitled to an instruction on the less serious offense of battery because the evidence in this case could not have rationally sustained a battery conviction and an aggravated criminal sexual assault acquittal. Finally, the State posits that any error that may have occurred was harmless in light of the overwhelming evidence of defendant's guilt.

Supreme Court Rule 451(c) requires that instructions in criminal cases "shall be tendered, settled, and given in accordance with section 2–1107 of the Code of Civil Procedure." (107 Ill. 2d R. 451(c).) Section 2–1107(b) requires that "[t]he originals and copies of all instructions, whether given, modified or refused, shall be filed as a part of

the proceedings in the cause." (Ill. Rev. Stat. 1987, ch. 110, par. 2—1107(b).) Furthermore, Supreme Court Rule 608(a)(8) provides, in pertinent part:

"Upon the filing of a notice of appeal, *** the clerk of the circuit court shall prepare the record on appeal, which must contain the following:

\* \* \*

*** the instructions offered and given ***." (107 Ill. 2d R. 608(a)(8).)

An appellant must provide a record containing the instructions tendered, otherwise any issue regarding the trial court's refusal to give those instructions will be waived. *People v. Bell* (1972), 53 Ill. 2d 122, 130, 290 N.E.2d 214; *People v. Owens* (1987), 151 Ill. App. 3d 1043, 1047, 504 N.E.2d 186.

In the present case, the record does not contain originals or copies of the battery instructions tendered by defendant in the trial court. Although there is reference in the report of proceedings to the battery instructions, the instructions are not contained in the common law record. (See *People v. Strong* (1979), 79 Ill. App. 3d 17, 24, 398 N.E.2d 216.) Thus, defendant has waived this issue. Even considering the merits of defendant's contentions, we find there was no error in refusing to give the battery instruction in this case.

Addressing, first, defendant's reliance on *People v. Schmidt* (1987), 161 Ill. App. 3d 278, 514 N.E.2d 494, we are unable to agree with the court's statement in *Schmidt* that "an accused is entitled to instructions on his theory of the case, and a refusal to give such instruction is error." (*Schmidt*, 161 Ill. App. 3d at 280, 514 N.E.2d at 496.) This is too broad a reading of our supreme court's decision in *People v. Dace* (1984), 104 Ill. 2d 96, 470 N.E.2d 993, on which the appellate court relied. Defendant has theorized that the battery here was a separate and distinct offense from the aggravated criminal sexual assault and, as such, he is entitled to an instruction on the offense of battery. Even assuming, without deciding, that the battery can be so isolated as a separate incident from the aggravated criminal sexual assault, the State has not charged defendant with that offense and defendant cites no authority, other than *Schmidt*, which would support a battery instruction under these circumstances. We conclude that defendant's reliance on *Schmidt* is unavailing.

Defendant argues, alternatively, that, under the circumstances here, the offense of battery is a lesser included offense of aggravated criminal sexual assault, thereby entitling him to an instruction on the offense of battery. Because aggravated criminal sexual assault is now

statutorily defined as a criminal sexual assault plus an aggravating circumstance, in this circumstance, causing great bodily harm to the victim, defendant maintains that battery is now a lesser included offense of aggravated criminal sexual assault.

Previously, in *People v. Mays* (1982), 91 Ill. 2d 251, 437 N.E.2d 633, our supreme court held that battery by bodily harm was not a lesser included offense of the crime of rape under one of the three existing tests to determine what is an included offense. For the following reasons, we conclude that battery is not a lesser included offense of the new offense of aggravated criminal sexual assault.

In this case, the indictment charged defendant with "knowingly" committing criminal sexual assault which caused "bodily harm" to the victim. Aggravated criminal sexual assault is defined as:

"(a) The accused commits aggravated criminal sexual assault if he or she commits criminal sexual assault and any of the following aggravating circumstances existed during the commission of the offense:
*** 
(2) the accused caused bodily harm to the victim ***." (Ill. Rev. Stat. 1987, ch. 38, par. 12—14(a)(2).)

Battery is defined as:

"(a) A person commits battery if he intentionally or knowingly without legal justification and by any means, (1) causes bodily harm to an individual or (2) makes physical contact of an insulting or provoking nature with an individual." Ill. Rev. Stat. 1987, ch. 38, par. 12—3.

The State here relied on bodily harm as the aggravating factor necessary to support its charge of aggravated criminal sexual assault. The proof at trial as to that element of the offense was the victim's testimony that defendant struck her in the mouth prior to engaging in oral and vaginal sex with the victim. Although defendant correctly notes that the supreme court has recently defined "bodily harm" as being the same under both the battery statute and aggravated criminal sexual assault statute (see *People v. Haywood* (1987), 118 Ill. 2d 263, 275-77, 515 N.E.2d 45), the State was not required to prove specific intent under the aggravated criminal sexual assault statute, but only that the accused caused bodily harm to the victim, whereas specific intent or knowledge is a necessary element of battery. Therefore, even though the proof of the bodily harm element would have been sufficient to sustain one element of battery, there was no evidence offered as to specific intent or knowledge and, therefore, it would have been improper to instruct the jury on battery in this case.

This same conclusion can be reached even if the abstract statutory definitions of both statutes are considered. Battery requires proof of specific intent or knowledge. Aggravated criminal sexual assault is a general intent crime which needs no proof of any particular mental state. Consequently, a defendant can be convicted of aggravated criminal sexual assault without proof of one of the necessary elements of battery. Thus, battery cannot be said to be a lesser included offense of aggravated criminal sexual assault even under a purely statutory interpretation of the two offenses.

The judgment of the circuit court is affirmed.

Affirmed.

LINDBERG, P.J., and WOODWARD, J., concur.