THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
PHILLIP C. TALLEY, Defendant-Appellant.

Fourth District   No. 4—88—0405

Opinion filed December 22, 1988.—Rehearing denied January 12, 1989.

Daniel D. Yuhas and Gary R. Peterson, both of State Appellate Defender's Office, of Springfield, for appellant.

Donald M. Cadagin, State's Attorney, of Springfield (Kenneth R. Boyle, Robert J. Biderman, and Linda Susan McClain, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE LUND delivered the opinion of the court:

Defendant Phillip C. Talley was convicted in the circuit court of Sangamon County of two counts of armed robbery and one count of residential burglary, in violation of sections 18—2(a) and 19—3, respectively, of the Criminal Code of 1961 (Code) (Ill. Rev. Stat. 1987,

ch. 38, pars. 18—2(a), 19—3). Defendant appeals contending he was denied his rights to a fair trial because the trial court failed to instruct as to a mental state when giving the elements instruction for armed robbery.

Armed robbery is defined, in pertinent part, as follows:

"A person commits armed robbery when he or she violates Section 18—1 while he or she carries on or about his or her person, or is otherwise armed with a dangerous weapon." (Ill. Rev. Stat. 1987, ch. 38, par. 18—2.)

Section 18—1 provides:

"A person commits robbery when he takes property from the person or presence of another by the use of force or by threatening the imminent use of force." Ill. Rev. Stat. 1987, ch. 38, par. 18—1.

While the foregoing statutory definitions do not expressly include a mental state, section 4—3(a) of the Code provides:

"A person is not guilty of an offense, other than an offense which involves absolute liability, unless, with respect to each element described by the statute defining the offense, he acts while having one of the mental states described in Sections 4—4 through 4—7." (Ill. Rev. Stat. 1987, ch. 38, par. 4—3(a).)

The mental states referred to are intent, knowledge, recklessness, or negligence. Ill. Rev. Stat. 1987, ch. 38, pars. 4—4 through 4—7.

Absolute liability is defined by section 4—9, as follows:

"A person may be guilty of an offense without having, as to each element thereof, one of the mental states described in Sections 4—4 through 4—7 if the offense is a misdemeanor which is not punishable by incarceration or by a fine exceeding $500, or the statute defining the offense clearly indicates a legislative purpose to impose absolute liability for the conduct described." Ill. Rev. Stat. 1987, ch. 38, par. 4—9.

Defendant argues since armed robbery is not a crime of absolute liability, a mental state is incorporated in the definition of armed robbery by section 4—3(a), and failure to instruct as to the incorporated mental state is reversible error. The issue instruction in this case relating to armed robbery followed the Illinois Pattern Jury Instructions, Criminal, No. 14.02 (2d ed. 1981), which does not include reference to a mental state.

Defendant's argument has surfaced in cases before this court since the First District decision in *People v. Grant* (1981), 101 Ill. App. 3d 43, 427 N.E.2d 810. *Grant* was followed by *People v. Ogunsola* (1981), 87 Ill. 2d 216, 429 N.E.2d 861. Both cases stand for the

proposition that error cannot be waived by failure to object or failure to submit an instruction when an essential element of a crime is omitted from the issue instruction.

*Grant* involved assault (Ill. Rev. Stat. 1987, ch. 38, par. 12—1), criminal trespass and criminal trespass to land (Ill. Rev. Stat. 1987, ch. 38, par. 21—1), neither of the statutes expressly including a mental state. Section 4—3(a) was credited with providing the required mental state, and it was found necessary to instruct as to that mental state. Assault is a specific intent crime. It is triggered when one engages in conduct placing another in apprehension of receiving a battery. Battery specifically calls for intentional or knowing conduct by the offender. (Ill. Rev. Stat. 1987, ch. 38, par. 12—3.) One who accidentally places another in apprehension does not intend a battery and could not commit the criminal act of assault. The intent is a necessary element. The offense is a specific intent crime in contrast to a general intent crime. Criminal trespass to land (Ill. Rev. Stat. 1987, ch. 38, par. 21—1) requires an entry upon land with notice that the entry is forbidden. While the word "knowledge" is not specifically used, the mental state of knowledge is certainly implied. Sections 4— 3 through 4—7 provide the mental states necessary. Generally, criminal trespass is a specific intent crime because the offender, in most cases, must intend to go on the property contrary to the known prohibition.

*Ogunsola* involved the offense of deceptive practice. (Ill. Rev. Stat. 1987, ch. 38, par. 17—1.) Originally, section 17—1(B) did not include the phrase "with intent to defraud" and, in *Ogunsola*, the trial court failed to instruct as to intent. Intent to defraud was recognized as an essential element of the charged offense. The supreme court stated:

> "It is equally clear that the intent to defraud is a mental state distinct and different from the mental state of knowledge that the check will not be paid by the depository, also required by the section. It is quite possible to possess the one mental state without the other, as when one consciously writes a check for more than the balance in one's account, intending to deposit funds to cover it, or agreeing with the payee that the latter not present it immediately but hold it as a note." (*Ogunsola*, 87 Ill. 2d at 221, 429 N.E.2d at 863-64.)

The offense was a specific intent crime.

In contrast to *Grant* and *Ogunsola* are the cases of *People v. Ortiz* (1987), 155 Ill. App. 3d 786, 508 N.E.2d 490, and *People v. Leonard* (1988), 171 Ill. App. 3d 380, 526 N.E.2d 397. Both cases in-

volved the offense of aggravated criminal sexual assault. (Ill. Rev. Stat. 1987, ch. 38, par. 12—14.) Criminal sexual assault (Ill. Rev. Stat. 1987, ch. 38, par. 12—13) becomes aggravated when certain additional factors are used, such as the use of a dangerous weapon (Ill. Rev. Stat. 1987, ch. 38, par. 12—14(1)). Criminal sexual assault takes place when one "commits an act of sexual penetration by the use of force or threat of force." (Ill. Rev. Stat. 1987, ch. 38, par. 12—13(a)(1).) As stated in *Leonard*:

> "An offense involving sexual penetration is a general intent crime, and a mental state of intent, knowledge, or recklessness would be implied to satisfy the general intent requirement. ([*Ortiz*,] 155 Ill. App. 3d at 792, 508 N.E.2d at 494.) Moreover, the approved jury instructions relating to sex offenses demonstrate that instructions defining general intent offenses need not set forth a specific mental state. [*Ortiz*,] 155 Ill. App. 3d at 792, 508 N.E.2d at 494; see Illinois Pattern Jury Instructions, Criminal, Nos. 11.31, 11.32, 11.33, 11.34 (2d ed. Supp. 1987)." *Leonard*, 171 Ill. App. 3d at 385, 526 N.E.2d at 400.

■■ ■ Robbery (Ill. Rev. Stat. 1987, ch. 38, par. 18—1) does not specify a necessary mental state, and the condition making robbery armed robbery (Ill. Rev. Stat. 1987, ch. 38, par. 18—2) does not provide a necessary mental state. Robbery has been held to be a general intent crime. (*People v. Banks* (1979), 75 Ill. 2d 383, 388 N.E.2d 1244.) "[S]pecific intent is present when from the circumstances the offender must have subjectively desired the prohibited result; whereas a general intent exists when from the circumstances the prohibited result may reasonably be expected to follow from the offender's voluntary act, irrespective of any subjective desire to have accomplished such result." *Louisiana v. Daniels* (1958), 236 La. 998, 1007, 109 So. 2d 896, 899.

It is obvious that the commission of the general intent crimes of criminal sexual assault, robbery, or armed robbery, as defined by the statutes, necessarily implies an intent or knowledge. The specific intent offenses referred to in both *Grant* and *Ogunsola* would not necessarily imply a criminal mental state. In those cases, the mental state would be a necessary subject of the issue instruction.

■ We acknowledge absolute liability offenses referred to in section 4—3(a) and defined in section 4—9 are not equivalent to general intent offenses. However, we also recognize section 4—3 does not specifically require the mental state imputed by the effect of sections 4—3 through 4—7 be included in issue instructions. Where the offense is a general intent crime and the mental state is necessarily

implied by the crime, it is not error to omit the implied mental state from the issue instructions.

The judgment of the circuit court is affirmed.

Affirmed.

McCULLOUGH, P.J., and GREEN, J., concur.