THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
TIMOTHY WILDER, Defendant-Appellant.

First District (6th Division)   No. 1—88—1511

Opinion filed September 6, 1991.

Randolph N. Stone, Public Defender, of Chicago (Frank Madea, Assistant Public Defender, of counsel), for appellant.

Jack O'Malley, State's Attorney, of Chicago (Renee Goldfarb and David R. Butzen, Assistant State's Attorneys, of counsel), for the People.

JUSTICE LaPORTA delivered the opinion of the court:

Defendant Timothy Wilder was convicted in a bench trial of aggravated criminal sexual assault and sentenced to eight years in prison. Defendant appealed the conviction, raising a single issue on review: whether the information charging him was fatally defective because it failed to set out a specific mental state and the criminal conduct alleged.

The facts adduced at trial establish that on January 20, 1987, the 10-year-old victim, T.R., went to defendant's home so that defendant's sister could baby-sit her after school. On that day defendant, 17, was at the home when T.R. arrived around noon. The victim testified that defendant pulled down her jogging pants and placed his penis in her anus. Defendant was charged in a four-count information with two counts of aggravated criminal sexual assault, criminal sexual assault and aggravated criminal sexual abuse. Defendant was found not guilty of aggravated criminal sexual abuse in count IV, which alleged vaginal penetration. He was found guilty of count I, aggravated criminal sexual assault alleging anal penetration. Counts II and III, for aggravated criminal sexual assault and criminal sexual assault, were merged into count I.

Defendant appealed the conviction, contending that the charging information was fatally defective for two reasons: the charging instrument failed to specify a mental state for the underlying criminal conduct of aggravated criminal sexual assault and failed to specify what conduct other than "sexual penetration" was criminal.

Count I of the information upon which defendant was convicted stated:

> "That on or about January 20, 1987 *** Timothy Wilder committed the offense of aggravated criminal sexual assault in that he was 17 years of age or over and committed an act of sexual penetration upon [T.R.], to wit: contact between Timothy Wilder's penis and [T.R.]'s anus, and [T.R.] was under 13 years when the act of sexual penetration was committed, in violation of Chapter 38, Section 12—14 B(1) of the Illinois Revised Statutes 1985, as amended."

Illinois law sets forth the requirements for a charging instrument stating, in pertinent part that: "A charge shall be in writing and allege the commission of an offense by: (1) Stating the name of the offense; (2) Citing the statutory provisions alleged to have been violated; (3) Setting forth the nature and elements of the offense charged; (4) Stating the date and county of the offense as definitely as can be done; and (5) Stating the name of the accused ***." Ill. Rev. Stat. 1985, ch. 38, par. 111—3.

An information which does not set forth the nature and elements of the crime sought to be charged fails to state an offense and is subject to dismissal. *People v. Grant* (1981), 101 Ill. App. 3d 43, 427 N.E.2d 810.

Initially we must consider what is the appropriate standard of review. Defendant contends that the sufficiency of the charging instrument was attacked at trial and therefore the appropriate standard is whether the document sets forth with accurate specificity the nature of the offense charged in accordance with section 111—3(a)(3) of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1985, ch. 38, par. 111—3(a)(3)). When this issue is raised in the trial court either as a motion to dismiss or a motion in arrest of judgment, the information must be scrutinized to determine whether it conforms to the statutory requirements of section 111—3. *People v. Thompson* (1984), 125 Ill. App. 3d 665, 672.

■ When the information is attacked for the first time on appeal, a reviewing court will consider the complaint sufficient if it apprises the accused of the precise offense charged with sufficient specificity to prepare his defense and to allow pleading a resulting conviction as a bar to future prosecution arising out of the same conduct. *People v. Pujoue* (1975), 61 Ill. 2d 335, 335 N.E.2d 437; see also *People v. Miller* (1983), 116 Ill. App. 3d 361, 367-68, 452 N.E.2d 391.

The State contends that defendant did not object to the information defining the offense of aggravated criminal sexual assault until the appeal. Nowhere in the record is there evidence that defendant challenged the sufficiency of the indictment before the trial court. At trial, Wilder defended on the charges as originally framed. Only after having been convicted does defendant now challenge the information. Defendant's brief before the appellate court refers to several places in the record, including defendant's post-trial motion seeking "a new trial and/or for arrest of judgment." But none of these references, including the post-trial motions, demonstrates a challenge to the sufficiency of the indictment.

Therefore, the appropriate standard for review is that articulated in *Pujoue*: whether defendant was apprised of the precise offense charged with sufficient specificity to prepare his defense and to bar prosecution in the future for the same conduct.

Reviewing under this standard, we first consider defendant's contention that the information charging him with aggravated criminal sexual assault failed to specify a mental state and therefore was fatally defective.

■ Illinois law is settled in this area. The crime of aggravated criminal sexual assault is a general intent crime and does not require the allegation of a specific mental state. (*People v. Leonard* (1988), 171 Ill. App. 3d 380, 384, 526 N.E.2d 397, 400.) An indictment charging an accused is not defective for failure to allege the defendant's mental state where the

statute defining the offense charged did not include a specific mental state. *Leonard*, 171 Ill. App. 3d at 384.

Defendant cites to *People v. Grant* (1981), 101 Ill. App. 3d 43, 427 N.E.2d 810, but this case dealt with a person charged with mob action who challenged the sufficiency of the complaint by a motion in arrest of judgment. *Grant* is distinguishable from this case. The crime of mob action requires the person charged with the offense to act intentionally, knowingly or recklessly and therefore a charge of mob action requires the pleading of the requisite mental state. (*Grant*, 101 Ill. App. 3d at 46.) Here, defendant was charged with aggravated criminal sexual assault, which is a general intent crime and does not require a specific mental state for conviction. (*Leonard*, 171 Ill. App. 3d at 384.) He did not challenge the sufficiency of the indictment until he appealed his conviction.

The *Leonard* case is controlling. We find no error in the lack of an alleged mental state in defendant's information charging him with aggravated criminal sexual assault.

■ Finally, we consider defendant's contention that the information failed to allege with specificity the conduct which constituted aggravated criminal sexual assault.

Under State law, defendant committed aggravated criminal sexual assault if he committed criminal sexual assault and "during the commission of the offense *** [he] was 17 years of age or older and [he] committ[ed] an act of sexual penetration with a victim who was under 13 years of age when the act was committed." (Ill. Rev. Stat. 1985, ch. 38, par. 12—14.) A person commits criminal sexual assault if he or she: "(1) commits an act of sexual penetration by the use of force or threat of force; or (2) commits an act of sexual penetration and the accused knew that the victim was unable to understand the nature of the act or was unable to give knowing consent." Ill. Rev. Stat. 1985, ch. 38, par. 12—13.

Sexual penetration is defined in the statute as: "any contact, however slight, between the sex organ of one person and the sex organ, mouth or anus of another person, or any intrusion, however slight, of any part of the body of one person or of any animal or object into the sex organ or anus of another person, including but not limited to cunniligus, fellatio or anal penetration." Ill. Rev. Stat. 1985, ch. 38, par. 12—12(f).

Defendant argues that the "wording of the information does not reasonably provide an inkling as to what conduct *** provided the basis for criminal conduct." The information alleges that on January 20, 1987, defendant committed the following conduct: "an act of sexual penetration upon [T.R.], to wit: contact between Timothy Wilder's penis and [T.R.]'s anus and [T.R.] was under 13 years when the act of sexual penetration was committed."

Where a statute sufficiently defines the crime, an indictment or information will be deemed sufficiently technical and correct if it states the offense in the terms and language of the statute creating the offense or so plainly that the defendant is apprised of the charge against him. *People v. Lutz* (1978), 73 Ill. 2d 204, 211, 383 N.E.2d 171; see also *People v. Plocar* (1952), 411 Ill. 141, 144, 103 N.E.2d 612.

Here, the language in the information followed the language of the statute item for item on the conduct required. Under the standard articulated in *Pujoue*, we find defendant was apprised of the precise offense charged with sufficient specificity to prepare his defense and to bar prosecution in the future for the same conduct.

For the foregoing reasons, the judgment of the trial court is affirmed.

Affirmed.

RAKOWSKI, P.J., and McNAMARA, J., concur.