NO. 3--95--0775

                               IN THE 

                     APPELLATE COURT OF ILLINOIS

                            THIRD DISTRICT

                              A.D., 1996

PEOPLE OF THE STATE OF        )  Appeal from the Circuit Court

ILLINOIS,                     )  of the 13th Judicial Circuit,

                              )  Grundy County, Illinois

     Plaintiff-Appellant,     )

                              )

     v.                       )

                              )  No. 95--CF--69

THOMAS WILKINSON, JOHN        )

DOLLINGER and DONALD          )

KAUFMAN,                      )  Honorable

                              )  H. Chris Ryan,

     Defendants-Appellees.    )  Judge Presiding.

____________________________________________________________

JUSTICE MICHELA delivered the opinion of the court:

____________________________________________________________

     The circuit court of Grundy County dismissed a two-count

indictment charging appellees Thomas Wilkinson, John Dollinger

and Donald Kaufman with official misconduct in violation of

section 33--3(c) of the Criminal Code of 1961.  720 ILCS 5/33-

-(c) (West 1994).  The State appeals.  For the reasons set

forth below, we affirm in part and reverse in part.

A Grundy County grand jury investigated whether members of the

Grundy County Board acted improperly concerning the bid and

eventual award of a county contract for computer equipment. 

The targets of this investigation, Wilkinson, Dollinger and

Kaufman (appellees), retained private counsel, Jeremy

Margolis, to represent their interests during the pendency of

the grand jury investigation.  On November 1, 1994, Margolis

filed a petition to appoint a special prosecutor to conduct

the grand jury investigation and to enjoin the Grundy County

State's Attorney's Office from any involvement with the grand

jury investigation.  On November 7, 1994, the court ruled a

special prosecutor was necessary and upon the agreement of the

parties and of Will County State's Attorney James Glasgow, the

court appointed the Will County State's Attorney's Office to

conduct the grand jury investigation.  The investigation ended

on February 1, 1995, when the grand jury returned a no bill.

On February 14, 1995, the Grundy County board passed a

resolution indemnifying the appellees for their legal expenses

incurred during the grand jury investigation.  The resolution

stated that the Grundy County State's Attorney was the county

board's statutory legal counsel, but that a perceived conflict

of interest prevented their receipt of statutory legal

representation from  that office.  The resolution further

stated that in order to obtain legal representation, the court

must appoint a Special State's Attorney pursuant to section 3-

-9008 of the Counties Code.  55 ILCS 5/3--9008 (West 1994). 

The county board further resolved that Margolis be appointed

as "Special State's Attorney" for his legal representation of

the appellees during the grand jury investigation.  However,

no legal motion was filed with the court to appoint Margolis,

or any other competent counsel, as a Special State's Attorney

nunc pro tunc or at any time during these proceedings.

     The resolution passed upon the approval of the county

board.  The appellees abstained from voting on the resolution

with the exception of Wilkinson, who was not present.  Upon

authorization by the county board, the appellees personally

accepted $21,120.44 as reimbursement for their legal fees. 

Will County Assistant State's Attorneys Philip Mock and Judith

DeVriendt conducted another Grundy County grand jury

investigation to determine whether the acceptance of these

monies constituted official misconduct.  On August 16, 1995,

the grand jury returned a two-count indictment charging the

appellees with official misconduct.  Because the language of

the indictment is at issue, it is reproduced below:

                               "COUNT I

          on or between June 16, 1995 and June 20,

          1995, at and within Grundy County,

          Illinois, , a (sic) THOMAS WILKINSON,

          JOHN DOLLINGER, DONALD KAUFMAN, male

          persons, committed the offense of:

                         OFFICIAL MISCONDUCT

                           (CLASS 3 FELONY)

          in that, they knowingly being public

          officers, Grundy County Board members, in

          their official capacity and with the

          intent to obtain personal advantage for

          themselves and each other, performed an

          act in excess of their lawful authority,

          in that they accepted $21,120.44 from the

          County of Grundy for reimbursement for

          legal fees incurred by them as private

          citizens, in violation of Chapter 720,

          Section 5/33-(c), of the Illinois

          Compiled Statutes, 1994, contrary to the

          Statute, and against the peace and

          dignity of the same People of the State

          of Illinois, and

                               COUNT II

          on or between June 16, 1995 and June 20,

          1995, at and within Grundy County,

          Illinois, , a (sic) THOMAS WILKINSON,

          JOHN DOLLINGER, DONALD KAUFMAN, male

          persons, committed the offense of:

                         OFFICIAL MISCONDUCT

                           (CLASS 3 FELONY)

          in that, they knowingly, being public

          officers, Grundy County Board members, in

          their official capacity and with the

          intent to obtain personal advantage for

          themselves and each other, performed an

          act in excess of their lawful authority,

          in that they accepted $21,120.44 from the

          County of Grundy for reimbursement for

          legal fees incurred by them in their

          official capacity without first having

          their legal representative appointed as a

          Special State's Attorney, in violation of

          Chapter 720, Section 5/33-3(c), of the

          Illinois Compiled Statutes, 1994,

          contrary to the Statute, and against the

          peace and dignity of the same People of

          the State of Illinois ***."

     On August 24, 1995, the appellees filed a pretrial motion

to dismiss both counts of the indictment.  A hearing was held

and on September 5, 1995, the court denied the motion.  The

appellees filed a motion to reconsider and on September 21,

1995, the court reversed itself and dismissed the indictment. 

The State filed a timely notice of appeal.

     The indictment at issue charges the appellees violated

section 33--3(c) of the Criminal Code of 1961, which states:

          "[a] public officer or employee commits

          misconduct when, in his official

          capacity, he commits any of the following

          acts:

                                * * *

          (c) [w]ith intent to obtain a personal

          advantage for himself or another, he

          performs an act in excess of his lawful

          authority[.]"  720 ILCS 5/33--3(c) (West

          1994).

The form of a charge is sufficient under Section 111--3 of the

Code of Criminal Procedure of 1963 (the Code) when the

charging instrument is "in writing, stating the name of the

offense and the relevant statutory provision violated, setting

forth the nature and elements of the offense and the date and

county in which the offense occurred, and naming the accused." 

People v. Meyers, 158 Ill. 2d 46, 51, 630 N.E.2d 811, 815

(1994); 725 ILCS 5/111--3 (West 1994).  The determination

reached by a trial court on a pretrial motion to dismiss a

charging instrument because it does not comply with section

111--3 of the Code is subject to de novo review.  People v.

Smith, 259 Ill. App. 3d 492, 495, 631 N.E.2d 738, 740 (1994);

725 ILCS 5/111--3 (West 1994).   

     The State argues the trial court's dismissal of the

indictment is contrary to our prior holding in People v.

Kleffman, 90 Ill. App. 3d 1, 412 N.E.2d 1057 (1980).  We first

address the appellees' contention that the State has waived

its Kleffman argument on appeal.  In support, the appellees

cite Security Savings & Loan Ass'n v. Hoffman, 181 Ill. App.

3d 419, 422, 537 N.E.2d 18, 19 (1989).  We find the case

distinguishable.  In Hoffman, an argument raised on appeal was

never before presented to the trial court, depriving the trial

court with the opportunity to consider its merits.  Hoffman,

181 Ill. App. 3d at 422, 537 N.E.2d at 19. In contrast, the

record demonstrates the State filed written memoranda and

presented oral arguments on Kleffman to the trial court,

sufficiently preserving its Kleffman argument on appeal.

     In Kleffman, as in the case at bar, the trial court

granted an accused's pretrial motion to dismiss an indictment

charging the accused with official misconduct because the

indictment failed to conform to the requirements of section

111--3(a) of the Code.  Kleffman, 90 Ill. App. 3d 1, 412

N.E.2d 1057; 725 ILCS 5/111--3(a) (West 1994).  We reversed

and rejected the accused's argument that facts constituting

official misconduct need to be pled with exacting specificity. 

Kleffman, 90 Ill. App. 3d 1, 412 N.E.2d 1057.

     In so holding, we recognized that the demand for factual

specificity in a charging instrument is to satisfy the basic

goals of informing the accused of the charge so that he can

prepare a competent defense and protect himself from a future

prosecution for the same offense.  Kleffman, 90 Ill. App. 3d

at 5, 412 N.E.2d. at 1061; People v. Banks, 75 Ill. 2d 383,

392, 388 N.E.2d 1244, 1248 (1979).  Further, in Kleffman we

relied on our supreme court's statement that when the language

of a statute is sufficient to meet the above goals and the

charging language of an indictment tracks the statutory

language, the requirements of section 111--3(a) of the Code

are met.  Kleffman, 90 Ill. App. 3d at 5, 412 N.E.2d. at 1061;

People v. Banks, 75 Ill. 2d 383, 392, 388 N.E.2d 1244, 1248

(1979); 725 ILCS 5/111--3(a) (West 1994).

     The official misconduct statute is a malum prohibitum

statute punishing "an act which is not inherently immoral, but

[which] becomes so because its commission is expressly

forbidden by positive law[.]"  Black's Law Dictionary 865 (5th

ed. 1979).  We recognize that as a malum prohibitum statute,

section 33--3(c) of the Criminal Code of 1961, "standing

alone, does not delineate specific criminal conduct [citations

omitted] but it derives its meaning by specifying an act

described as being 'in excess of [defendant's] lawful

authority'."  People v. Samel, 115 Ill. App. 3d 905, 909, 451

N.E.2d 892, 895 (1983); 720 ILCS 5/33--3(c) (West 1994).   

     With the above principles in mind, we find the trial

court correctly decided that count I of the indictment is

defective because it does not state an act in excess of the

appellees' lawful authority.  Count I accuses the appellees of

acting in excess of their lawful authority by accepting

reimbursement for legal expenses incurred as private citizens. 

It is not per se an act in excess of a county officer's lawful

authority when he accepts reimbursement from a body of

government for legal expenses incurred as a private citizen. 

Thus, count I of the indictment is facially defective because

it fails to plead sufficient facts specifying an act in excess

of the appellees' lawful authority.

     Count II of the indictment was dismissed by the trial

court in error.  Unlike count I, count II accuses the

appellees of acting in excess of their lawful authority when

they accepted money as reimbursement for legal fees incurred

while in their official capacity "without first having their

legal representative appointed as a Special State's Attorney."

(emphasis added).  We find this language sufficiently pleads

an act in excess of the appellees' lawful authority.

     A State's Attorney is the statutory attorney for a county

officer who requires legal representation in his official

capacity.  Illinois law provides that a State's Attorney has

a duty to "defend all actions and proceedings brought against

*** any county *** officer, in his official capacity, within

his county."  55 ILCS 5/3-9005(a)(4) (West 1994).  However,

when the State's Attorney is "interested in any cause or

proceeding, *** which it is or may be his duty to *** defend,

the court may appoint some competent attorney to *** defend

such cause or proceeding."  55 ILCS 5/3--9008 (West 1994).

     The record demonstrates the appellees first secured

Margolis as private legal counsel and then filed a petition to

appoint a special prosecutor on November 1, 1994.  On November

7, 1994, upon order of the court, the prosecution was removed

from Grundy County and assigned to Will County.  Once, the

prosecution was assigned to Will County, the State's Attorney

of Grundy County remained the appellees' statutory counsel

until one of the interested parties petitioned the court to

appoint another attorney to fulfill the Grundy County State's

Attorney's statutory duty to defend an action brought against

a county officer in his official capacity.  We do not believe

our view to be impractical.  See In re Grand Jury

Investigation of Swan, 92 Ill. App. 3d 856, 862-63, 415 N.E.2d

1354, 1360 (1981).

     We are mindful that the practical exigencies of political

life will sometimes preclude an elected official's willing

receipt of legal representation from his statutory attorney

and conversely, a statutory attorney, such as a State's

Attorney, may not wish to represent an elected official he has

accused of a misdeed.  While a State's Attorney has a duty to

defend a county officer, a county officer does not have the

concurrent duty to accept such legal representation in his

official capacity.  For example, a county officer may choose

to forego statutory representation and act as a private

citizen by procuring counsel, at his own expense, to defend an

action brought against him in his official capacity.  However,

Illinois law and its underlying public policy do not impose

this burden.  Under Section 3--9008 of the Counties Code

either party may petition the court for relief in the form of

competent counsel to fulfill the State's Attorney's statutory

duty to prosecute or defend a county officer in his official

capacity.  55 ILCS 5/3--9008 (West 1994).

     In People v. Clark, 71 Ill. App. 3d 381, 389 N.E.2d 911

(1979), a DuPage County treasurer retained private counsel to

defend him in a criminal prosecution charging him, inter alia,

with official misconduct.  Clark, 71 Ill. App. 3d at 392, 389

N.E.2d at 928.  Clark's counsel was allowed to withdraw and

Clark petitioned the court to have the State's Attorney or

another attorney appointed for him.  Clark, 71 Ill. App. 3d at

404, 406, 389 N.E.2d at 928.  The trial court denied the

petition and the appellate court affirmed this decision and

also reversed Clark's conviction for official misconduct.

     The court reasoned that Clark was not entitled to

statutory representation because the actions for which he was

accused "were not actions taken by Clark under color of or by

virtue of his public office[.]"  Clark, 71 Ill. App. 3d at

406, 389 N.E.2d at 929.  Consequently, because Clark was not

acting in his official capacity, the trial court did not abuse

its discretion in refusing to appoint the State's Attorney or

other competent counsel to defend Clark and, his conviction

for official misconduct was reversed.  Unlike Clark, the

appellees filed no petition with the court to request the

appointment of an attorney to represent them in their official

capacity or to authorize the appointment of their privately

retained attorney nunc pro tunc.

     The appellees contend, however, that the county board was

empowered by section 5--1018 of the Counties Code to indemnify

and reimburse them for their legal fees.  55 ILCS 5/5--1018

(West 1994).  This statutory provision limits reimbursement to

county board members for "expenses necessarily incurred while

in the conduct of the business of the county."  55 ILCS 5/5--

1018 (West 1994).  Further, "[a] county board may employ ***

professional personnel for the members of the county board ***

and [may] pay for the services of such personnel."  55 ILCS

5/5--1018 (West 1994).  

     Despite this vested discretion, our court has long held

a county board is not authorized "to employ at public expense

an attorney to perform the duties of State's Attorney." 

Abbott v. County of Adams, 214 Ill. App. 201, 203 (1919); see

also Hazen v. County of Peoria, 138 Ill. App. 3d 836, 842-43,

485 N.E.2d 1325, 1330 (1985); Sommer v. Goetze, 102 Ill. App.

3d 117, 119, 429 N.E.2d 901, 903 (1981).  We therefore

conclude that under Illinois law, a public official acts in

excess of his lawful authority when he fails to obtain the

court appointment of legal counsel to act as a Special

Assistant State's Attorney and accepts public funds to pay for

that same privately retained legal counsel.

     We next consider the language of count II alleging that

the appellees were public officers, i.e., Grundy County board

members.  We find this factually sufficient.  Next, we

consider whether count II sufficiently alleges that the

appellees acted in their official capacity.  We have stated

that one performs an act in his official capacity under

section 33--3(c) of the Criminal Code of 1961, if the act is

"accomplished by exploitation of his position as a public

officer or employee."  Kleffman, 90 Ill. App. 3d at 3, 412

N.E.2d at 1060; 720 ILCS 33--3(c) (West 1994).

     The appellees argue that by accepting reimbursement they

were not exploiting their official positions since they were

entitled to legal representation in their official capacity

during the grand jury investigation.  We do not dispute that

the appellees were entitled to receive legal representation in

their official capacity.  However, as we have already

discussed, the appellees were limited to accepting legal

representation in their official capacity, at public expense,

from their statutory attorney or an attorney appointed by the

court to assume this duty.  Therefore, count II sufficiently

charges that the appellees received reimbursement for their

legal fees within their official capacity.

     A contrary interpretation, such as an interpretation

finding that the appellees accepted money as private citizens,

presents the factual scenario dismissed in count I.  The

appellees argue that this result, obtained because count I of

the indictment accuses them of acting in a private capacity

and count II alternatively accuses them of acting in a public

capacity, mandates that the indictment be dismissed because it

is void for duplicity.  We do not agree.

     An indictment cannot charge an accused with committing

"disparate and alternative acts, either one of which would

constitute an offense."  People v. Capitol News, Inc. 137 Ill.

2d 162, 174, 560 N.E.2d 303, 308 (1990).  However, count I

does not charge the appellees with an offense.  Count I

erroneously charges the appellees with official misconduct

when acting as private citizens.  The failure of count I to

charge an offense does not require the dismissal of the entire

indictment; rather, the trial court employed the appropriate

remedy of dismissing the defective charge.  See 725 ILCS

5/114--1(a)(8) (West 1994).  Neither do we agree that count II

charges the appellees with separate and disparate acts, either

of which could result in a criminal prosecution, when it

distinctly accuses them of a single act of official

misconduct.

     Next, we discuss whether count II charges sufficient

facts to demonstrate the appellees acted with the intent to

obtain a personal advantage.  720 ILCS 5/33--3(c) (West 1994). 

In Kleffman, we stated "'[p]ersonal advantage' in this context

means an advantage to a particular person as opposed to the

public the officer or employee serves."  Kleffman, 90 Ill.

App. 3d at 4, 412 N.E.2d at 1061.  Again, the appellees

contend that their entitlement to legal representation removes

their acceptance of $21,120.44 from the reach of the official

misconduct statute.  However, count II sufficiently charges

that the appellees acted with the intent to gain a personal

advantage because, without judicial authorization, they chose

their own private attorney and accepted reimbursement for

their legal fees at public expense.

     We do not dispute the propriety of a county officer's

statutory right to legal representation.  However, when our

legislature has provided for this circumstance through the

allocation of public funds to pay for legal counsel, i.e., the

State's Attorney, "there exists in no man or set of men

outside of the legislature itself the right or authority to

expend, or authorize the expenditure of, other public funds

for the performance of those same duties [of the State's

Attorney]."  Abbott, 214 Ill. App. at 206.

     We next address the argument that the indictment should

be dismissed pursuant to Fellhauer v. City of Geneva, 142 Ill.

2d 495, 568 N.E.2d 870 (1991).  In that case, the plaintiff

recited the official misconduct statute as the basis of his

retaliatory discharge claim.  Fellhauer, 142 Ill. 2d at 502,

568 N.E.2d at 873.  Plaintiff's complaint was dismissed for

its failure to state a cause of action.  Our supreme court

stated that a plaintiff who bases a civil retaliatory

discharge claim on "a charge of official misconduct under

section 33-3 must specify the 'law' allegedly violated by the

officer or employer in the course of committing the offense

*** to demonstrate that his discharge was in contravention

with the law's clearly mandated public policy."  Fellhauer,

142 Ill. 2d at 505-06, 568 N.E.2d at 875.  We do not find

Fellhauer dispositive.  To the extent the appellees rely on

Fellhauer, its reasoning applies to the narrow situation when

a plaintiff brings a retaliatory discharge cause of action

based on the official misconduct statute and not the charging

of a criminal offense by an elected official.

     We next summarily address the appellees' additional

arguments in support of their contention that the indictment

should be dismissed.  The appellees argue that the indictment

should be dismissed because alleged impropriety by the Grundy

County State's Attorney fatally tainted the grand jury

process.  However, as the trial court did not reach this issue

and as the record reveals that no evidentiary hearing was held

on this issue, we are unequipped to decide whether these

alleged actions serve as an independent basis upon which the

indictment may be dismissed.

     Similarly, the appellees argue that the State improperly

used immunized testimony when conducting the grand jury

investigation that ultimately returned the two-count

indictment at issue.  We note that the appellees received use

immunity when they were subpoenaed to testify before the grand

jury which subsequently returned a no bill.  Again, the trial

court did not rule on this issue and no evidentiary hearing

was held because the court dismissed the indictment on other

grounds.  Again, we cannot, without a more fully developed

record, consider the merits of this argument.   

     Finally, the appellees argue that the indictment is the

result of a malicious prosecution because they were the only

members of the county board investigated and indicted for

official misconduct.  The appellees cite People v. Barton, 190

Ill. App. 3d 701, 546 N.E.2d 1091 (1989) in support for their

position.  In Barton, an indictment was dismissed because of

severe misconduct by a special prosecutor when he

intentionally misled a grand jury, resulting in a violation of

the defendant's right to due process under the law.  Barton,

190 Ill. App. 3d at 708-09, 546 N.E.2d at 1096.  The record in

the instant case is sparse and devoid of a ruling by a trial

court on this issue.  We find no basis in the record or in the

arguments presented to demonstrate prosecutorial misconduct

occurred before the grand jury. 

     For the foregoing reasons, the trial court's dismissal of

count II is error as a matter of law.  The judgment of the

circuit court of Grundy County is affirmed in part and

reversed in part.

     Affirmed in part and reversed in part; cause remanded. 

     MICHELA, J.

     SLATER, J., with LYTTON, J., specially concur.

                           No.  3--95--0775

____________________________________________________________

_____

                                IN THE

                     APPELLATE COURT OF ILLINOIS

                            THIRD DISTRICT

                              A.D., 1996

THE PEOPLE OF THE STATE OF    )  Appeal from the Circuit Court

ILLINOIS,                     )  of the 13th Judicial Circuit,

                              )  Grundy County, Illinois,

     Plaintiff-Appellant,     )

                              )

     v.                       )  No.  95--CF--69

                              )

THOMAS WILKINSON, JOHN        )  

DOLLINGER and DONALD          )  

KAUFMAN,                      )  Honorable

                              )  H. Chris Ryan,

     Defendants-Appellees.    )  Judge, Presiding.

____________________________________________________________

____

     JUSTICE SLATER, specially concurring:

____________________________________________________________

____

     If the defendants in this case were unaware that by

accepting the reimbursement authorized by the county board

they were acting in excess of their authority, could they

nevertheless be convicted of official misconduct?  While the

statute does not require that one knowingly act in excess of

one's authority, should that mental state be implied as a

matter of statutory construction?  If so, the indictment

should be dismissed for failing to allege a necessary element

of the offense.  See People v. Valley Steel Products Co., 71

Ill. 2d 408, 375 N.E.2d 1297 (1978) (dismissing indictment for

failure to allege implied mental state); People v. Grant, 101

Ill. App. 3d 43, 427 N.E.2d 810 (1981) (same); People v.

Malone, 71 Ill. App. 3d 231, 389 N.E.2d 908 (1979) (same).

     However, in People v. Scharlau, 141 Ill. 2d 180, 199, 565

N.E.2d 1319, 1328 (1990), our supreme court, in reference to

the official misconduct statute, stated "[k]nowledge that the

action in question violates the statute by being outside the

officer's lawful authority is not an element."  In view of

this unambiguous statement, dismissal in this case for failure

to allege a mental state appears foreclosed.  The argument

that section 33-3(c) requires an implied mental state was not

directly raised in Scharlau, nor was it presented in this

case.  I believe that if this issue was squarely presented to

our supreme court, it would find that a mental state is

required.  To hold otherwise would risk "creat[ing] a felony

out of conduct that was wholly innocent."  People v. Tolliver,

147 Ill. 2d 397, 401, 589 N.E.2d 527, 529 (1992).  Given that

official misconduct is a class 3 felony punishable by

forfeiture of office and a potential prison sentence of 2-5

years, such a result should not be countenanced.  "It would be

unthinkable to subject a person to a long term of imprisonment

for an offense he might commit unknowingly."  Valley Steel, 71

Ill. 2d at 425, 375 N.E.2d at 1305.  See also People v.

Farmer, 165 Ill. 2d 194, 650 N.E.2d 1006 (1995) (finding that

offense of possessing contraband in a penal institution

required implied mental state of knowledge).

     I would also emphasize that defendants' arguments

regarding alleged improprieties by the Grundy County State's

Attorney and the improper use of immunized testimony are not

resolved by this decision.  No evidentiary hearing was held,

nor did the trial court rule on those matters.  Therefore they

are, at this time, not ripe for review, and may be considered

by the trial court on remand.

     Finally, in my opinion, the only "crime" committed in

this case was the failure to ask the court to appoint Jeremy

Margolis as a Special State's Attorney.  It is absolutely

clear that the Grundy County States Attorney could not

properly defend the board members after he had sought to have

them indicted.  In its February 14 indemnification resolution,

the county board authorized defendant Kaufmann to hire

Margolis and it requested the court to appoint him as a

Special States Attorney.  No petition was filed with the

court, and therefore reimbursing the defendants for legal

expenses was technically in excess of the board's authority. 

I reluctantly concur.

     LYTTON, J., concurs.