2025 IL App (1st) 221555-U

FOURTH DIVISION
Order filed: December 18, 2025

No. 1-22-1555

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 17 CR 15971 |
| | ) | |
| WILLIAM JONES, | ) | Honorable |
| | ) | Angela M. Petrone, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE QUISH* delivered the judgment of the court.
Justices Rochford and Martin concurred in the judgment.

**ORDER**

¶ 1    *Held*: Defendant's convictions for attempted first degree murder of a peace officer are vacated and the cause is remanded for a new trial on those charges because the jury instruction given at defendant's trial for those offenses did not accurately recite the correct mental state as stated in *People v. Guy*, 2025 IL 129967, which is "the intent to kill without lawful justification."

---

* Justice Quish was assigned to replace the late Justice Thomas Hoffman following his passing. Justice Quish has reviewed the appellate briefs and the record in this case.

¶ 2    Following a jury trial, the defendant, William Jones, was convicted of two counts each of attempted first degree murder of a peace officer and unlawful use of a weapon by a felon (UUWF) and sentenced to 70-year sentences for the attempted murder convictions concurrent with 5-year sentences for the UUWF convictions. Defendant appealed. On August 1, 2024, this court affirmed his convictions, but vacated his sentences for attempted murder due to the circuit court's consideration of improper factors in sentencing and remanded for a new sentencing hearing. See *People v. Jones*, 2024 IL App (1st) 221555. On May 28, 2025, the Illinois Supreme Court denied defendant's petition for leave to appeal, but issued a supervisory order directing this court to vacate our August 1, 2024, judgment and to consider the effect of the supreme court's opinion in *People v. Guy*, 2025 IL 129967, on the issue of whether the State proved that defendant acted with the requisite mental state for attempted first degree murder of a peace officer and determine if a different result is warranted. See *People v. Jones*, No. 131071 (Ill. May 28, 2025) (supervisory order). For the reasons that follow, we now vacate defendant's convictions for attempted first degree murder of a peace officer and remand for a new trial on those charges.

¶ 3    We set forth the facts of the case in great detail in our previous opinion (see *Jones*, 2024 IL App (1st) 221555, ¶¶ 4-29) and need not repeat them at length here. Instead, we will recite only a brief background sufficient for the limited issues to be addressed in the present opinion. On October 5, 2017, an anonymous person called 911 and reported that a man in a black hoodie was holding a gun on the front porch of a residence that also contained an unlicensed daycare. When two police officers responded to the home, defendant, who was on the porch with two other men, went inside. The officers obtained consent to enter from another resident of the home, then proceeded through the house with guns drawn. As the officers moved through the home, defendant

retreated to the basement, where he was living at the time. When the officers reached the basement, one officer went through the doorway and exchanged gunfire with defendant. No one was shot, and the officers retreated. After a standoff, defendant eventually surrendered and was arrested. Defendant made multiple statements immediately following the shooting in which he asserted that he was defending himself and his home from what he viewed as an unlawful police intrusion, and he further testified at trial that he fired at the officers in self-defense, believing that they were hunting him.

¶ 4     Defendant was indicted on 37 charges and eventually tried before a jury on 10 of those charges, which included two counts each of attempted first degree murder of a peace officer, attempted first degree murder, aggravated discharge of a firearm at a peace officer, aggravated discharge of a firearm, and UUWF. The jury rejected defendant's claim of self-defense and found him guilty on all charges. Notably, for the offense of attempted first degree murder of a peace officer, the jury was instructed that a "person commits the offense of attempted first degree murder of a peace officer when he, without lawful justification and with the intent to kill an individual, does any act which constitutes a substantial step toward the killing of an individual who was a peace officer." *Jones*, 2024 IL App (1st) 221555, ¶ 35.

¶ 5     Defendant appealed, raising nine issues, including that he could not be convicted of attempted first degree murder of a peace officer because the State failed to prove that he acted with the requisite mental state. See *Jones*, 2024 IL App (1st) 221555, ¶¶ 35-39. Specifically, citing the Third District's decision in *People v. Guy*, 2023 IL App (3d) 210423, he asserted that the State was required to show that he acted with an intent to kill *without lawful justification*, rather than merely with an intent to kill, as the jury in his case had been instructed. See *Jones*, 2024 IL App

(1st) 221555, ¶ 36. He argued that this difference was significant because his statements that he acted in self-defense established that he intended to kill *with* lawful justification, thereby precluding a conviction for attempted first degree murder of a peace officer. In our initial opinion, we rejected defendant's argument (see *id.* ¶ 37) and affirmed his convictions (see *id.* ¶ 85).

¶ 6    Defendant petitioned for leave to appeal our decision to the Illinois Supreme Court. While that petition was pending, the Illinois Supreme Court affirmed the Third District's decision in *Guy* in part and ruled consistently with defendant's arguments in this case regarding the mental state for attempted first degree murder. See *People v. Guy*, 2025 IL 129967. In *Guy*, our supreme court explained that "'an attempt requires the specific intent to commit an offense.'" *Id.* ¶ 33 (quoting *People v. Bryant*, 113 Ill. 2d 497, 506 (1986)). Accordingly, because "[f]irst degree murder only occurs when a person 'kills an individual without lawful justification,' *** the intent required for attempted first degree murder is the intent to kill without lawful justification." *Id.* ¶ 46 (quoting 720 ILCS 5/9-1(a) (West 2002)). The court noted that "[t]his intent is judged from a subjective standpoint, *i.e.*, from the personal perspective of the defendant." *Id.* Consequently, "[a] defendant who subjectively believes in the need for self-defense cannot be convicted of attempted first degree murder because the defendant would not have the specific intent to commit first degree murder." *Id.* ¶ 47. The *Guy* court explained that "included in the first degree murder statute is the phrase 'without lawful justification,' which is descriptive of the killing and not the mental state. Nonetheless, if the trier of fact fails to find that the killing was without lawful justification, a person cannot be convicted of the completed offense of first degree murder." *Id.* ¶ 47. The court held "that, to commit attempted first degree murder, the defendant must have the intent to kill without lawful justification." *Id.* ¶ 53. "[A] defendant who believes he is acting in self-defense intends to

kill with lawful justification and, therefore, does not have the intent to commit the offense of first degree murder." *Id.* ¶ 47. The court then overruled this court's decision in *Jones* to the extent it was inconsistent with this holding. *Id.* ¶ 53 n.5.

¶ 7 Following that ruling, the supreme court denied defendant's petition for leave to appeal in this case, but issued a supervisory order directing this court to vacate our judgment and to "consider the effect of [its] opinion in *People v. Guy*, 2025 IL 129967, on the issue of whether the State proved that defendant acted with the requisite mental state for attempt first degree murder of a peace officer and determine if a different result is warranted." *Jones*, No. 131071 (Ill. May 28, 2025). We granted the parties' joint request to file supplemental briefs addressing issues raised by *Guy*.

¶ 8 In his supplemental brief, defendant makes five arguments. He first contends that his convictions for attempted murder should be reversed outright because the State failed to prove that he did not act with a subjective belief in the need to defend himself. In the alternative, he argues that a new trial is warranted because the jury instructions for attempted first degree murder did not reflect *Guy*'s statement of the law, *Guy* demonstrates that the "Resisting Arrest" and "Peace Officer's Use of Force in Making Arrest" instructions that we previously found erroneous but harmless were, in fact, not harmless, *Guy*'s explanation of the mental state for attempted first degree murder alters the analysis of whether the evidence was closely balanced and whether allegedly improper statements made by the prosecutor in closing argument therefore amounted to plain error, and these issues had the cumulative effect of denying him a fair trial.

¶ 9 For the following reasons, we find no merit to defendant's first argument, but we agree with his second and believe that a new trial is warranted because the jury instructions given for

attempted first degree murder of a peace officer did not include the correct mental state as explained in *Guy*. The issue of defendant's subjective belief in the need to act in self-defense, regardless of the reasonableness of that belief, was not placed at issue by those instructions. That conclusion moots any consideration of defendant's remaining arguments in his supplemental brief.

¶ 10    Defendant first argues that his convictions for attempted first degree murder of a peace officer should be reversed outright because the State failed to prove that he acted with the requisite mental state for that offense, *i.e.* intent to kill without lawful justification. However, it is not appropriate to adjudicate that argument in the present appeal. Indeed, following a post-trial change in the law, it is generally improper to examine the sufficiency of the evidence under the new legal standard when, as in this case, the State was not required to present evidence satisfying that new standard at trial. See *People v. Casler*, 2020 IL 125117, ¶¶ 65-66. Although one of the elements of defendant's self-defense claim was whether he "actually and subjectively believed a danger existed that required the use of the force applied" (*People v. Lee*, 213 Ill. 2d 218, 225 (2004) (citing *People v. Jeffries*, 164 Ill. 2d 104, 127-28 (1995))), the State was not obligated to address that element. Rather, the State only needed to show that any one of the six elements of self-defense was not present in order to defeat defendant's defense. See *id.* (citing *Jeffries*, 164 Ill. 2d at 127-28). Accordingly, the State cannot be faulted for failing to show that defendant lacked a subjective belief in the need to act in self-defense. We reject defendant's request for an outright reversal of his convictions.

¶ 11    However, we do agree with defendant that the jury instructions failed to accurately define the mental state for attempted first degree murder of a peace officer as held in *Guy* and, thus, a new trial is warranted. See *Guy*, 2025 IL 129967, ¶ 66. Defendant did not raise this issue at trial,

so we must review it under the plain error doctrine. That doctrine "'allows a reviewing court to consider unpreserved error when either (1) the evidence is close, regardless of the seriousness of the error, or (2) the error is serious, regardless of the closeness of the evidence.'" *People v. Glasper*, 234 Ill. 2d 173, 203 (2009) (quoting *People v. Herron*, 215 Ill. 2d 167, 186-87 (2005)). The defendant has the burden of persuasion on this issue. *Herron*, 215 Ill. 2d at 187.

¶ 12    The circuit court gave the jury Illinois Pattern Jury Instruction (IPI), Criminal, No. 6.05XX (approved Oct. 17, 2014), which states in relevant part: "[a] person commits the offense of attempt first degree murder of a peace officer when he, without lawful justification and with the intent to kill an individual, does any act which constitutes a substantial step toward the killing of an individual who was a peace officer ***." Although the State contends that this instruction correctly states the law because it includes the phrase "without lawful justification," the position of that phrase in the instruction "is descriptive of the killing and not the mental state." See *Guy*, 2025 IL 129967, ¶ 47. In other words, the instruction provides that the defendant's actions must not have been legally justified, *e.g.*, not in self-defense. The correct mental state for attempted first degree murder is "intent to kill without lawful justification," which is not included in the IPI instruction defendant received in this case. See *Id.* ¶ 53.

¶ 13    Because the jury was incorrectly instructed regarding the requisite mental state, an essential element of the charged offense (see *People v. Reynolds*, 178 Ill. App. 3d 756, 764 (1989)), we conclude that the erroneous instruction satisfies the second prong of plain error as an error "so serious that it affected the fairness of the defendant's trial and challenged the integrity of the judicial process." *Herron*, 215 Ill. 2d at 187 (citing *People v. Keene,* 169 Ill. 2d 1, 17 (1995)); see also *People v. Ogunsola*, 87 Ill. 2d 216, 222 (1981) ("The failure correctly to inform the jury of

the elements of the crime charged has been held to be error so grave and fundamental that the waiver rule should not apply."); *People v. Grant*, 101 Ill. App. 3d 43, 47 (1981) (holding that the omission from the jury instructions of an essential element of the charged offense amounted to plain error).

¶ 14    With plain error established, we turn to the appropriate remedy. As a consequence of the error, the parties did not address, and the jury was not called to decide, whether defendant subjectively believed in the need to act in self-defense. In such a circumstance, the appropriate remedy is to vacate defendant's convictions for attempted first degree murder of a peace officer and remand for a new trial to allow the court to properly instruct the jury and both parties to present evidence and argument in accordance with the new construction of the law. See *People v. Shelly*, 2024 IL App (3d) 220432, ¶ 34 (concluding that, following a post-trial change in the law regarding a *mens rea* requirement, the appropriate remedy was to vacate the defendant's conviction and remand for a new trial and that double jeopardy did not preclude a retrial in that situation).

¶ 15    In reaching this conclusion, we note that this outcome differs from the remedy ordered by the supreme court in *Guy*. The *Guy* court vacated the defendant's conviction for attempted first degree murder and entered a conviction for the lesser-included offense of aggravated battery with a firearm. See *Guy*, 2025 IL 129967, ¶ 72. However, in *Guy*, the jury also convicted the defendant of second degree murder and thereby found that he had intended to act with lawful justification. *Id.* ¶¶ 1, 77. The jury had, therefore, considered and decided the issue of the defendant's subjective intent. In this case, by contrast, the jury made no such finding regarding defendant's intent to act in self-defense. Accordingly, *Guy*'s remedy does not apply to the present case.

¶ 16    Based on this analysis, we need not address the remainder of defendant's arguments in his supplemental briefs, as those arguments request the same remedy of a new trial. Having reconsidered our decision in this appeal in light of *Guy*, 2025 IL 129967, we find that a different result is required. For the foregoing reasons, we vacate defendant's convictions and sentences for attempted first degree murder of a peace officer and remand for a new trial on those charges. Defendant did not challenge his UUWF convictions or sentences and thus, they are affirmed.

¶ 17    Affirmed in part, vacated in part, and remanded with instructions.